UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID E. HUESTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01603-TWP-MPB |
| | ) | |
| INDIANA DEPARTMENT OF CORRECTIONS, | ) | |
| RECEPTION DIAGNOSTIC CENTER, | ) | |
| CRAIG GROGE, | ) | |
| INDIANA DEPT OF CORRECTIONS | ) | |
| FACILITY, | ) | |
| HERITAGE TRAILS CORR. FACILITY, | ) | |
| LEFLUER, | ) | |
| WEXFORD MEDICAL PROVIDER, | ) | |
| ALL SUBORDINATES .INVOLVED., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Complaint and Directing Filing of Amended Complaint**

Plaintiff David E. Hueston is a state prisoner currently incarcerated at Plainfield Re-Entry Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. For the reasons explained below, the plaintiff's complaint is dismissed and he shall have the opportunity to file an amended complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

Mr. Hueston has sued the Indiana Department of Correction, Reception Diagnostic Center (RDC), Heritage Trails Correctional Facility, Craig Groge, Mr. Lefluer, Wexford of Indiana LLC, and "all subordinates involved." Dkt. 1 at 1. The complaint is titled "writ of habeas corpus" but it seeks relief pursuant to 42 U.S.C. § 1983. Mr. Hueston alleges that the defendants have violated his constitutional rights.

The plaintiff's complaint as currently structured must be dismissed. Federal Rule of Civil Procedure 18(a) permits a plaintiff to bring in one lawsuit every claim he has against a single defendant. However, to join multiple defendants in a single action, Rule 20(a)(2) requires that the plaintiff assert at least one claim against all of them "arising out of the same transaction, occurrence, or series of transactions or occurrences" and that "any question of law or fact common to all defendants will arise in the action." Working together, these two rules mean that "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Consequently, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Rule 20 applies as much to cases brought by prisoners as it does to any other case. *Id.*

The plaintiff's complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants for various discrete episodes occurring during the plaintiff's incarceration. While it is arguable that most of his claims stem from the conditions of his confinement, the fact that he is incarcerated is not a "transaction" or "occurrence" under the Rules. As a result, there must be more tying each episode together other than that the plaintiff experienced these things and those allegations are lacking here. The following instances of misconduct are alleged in the complaint:

1. Mr. Hueston has been denied medications and medical treatment for his COPD, emphysema, and chronic granulatomous disease by Wexford of Indiana, LLC.

2. While at RDC he allegedly passed out due to a low oxygen absorption level and smacked his head on a steel bunk breaking his teeth. Medical staff refused to have him seen by a medical provider.

3. Mr. Hueston was denied a shower for 6 to 14 days.

4. Mr. Hueston was denied clean boxers, socks, and t-shirt for 23 days.

5. Mr. Hueston went 55 days without a clean blanket and 40 days without a clean jumpsuit at the RDC.

6. Food waste and trash was left out for up to 2 days causing bug infestations.

7. Mr. Hueston was denied law library services including paper, pen, and forms, for nearly 90 days.

The complaint appears to represent a catalogue of everything that happened to the plaintiff while incarcerated to which he takes exception. The *George* court instructed that such "buckshot complaints" should be "rejected." *Id*. Therefore, the complaint is **dismissed** and the plaintiff will be allowed an opportunity to file an amended complaint incorporating only properly related claims. Any unrelated claim not pursued in this case must be brought in a separate action.

The complaint also fails to state a claim upon which relief may be granted. The claims in this action are necessarily brought pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983,

3

a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (internal quotation omitted). There are no factual allegations that suggest who is responsible for the alleged misconduct.

The claims against the Indiana Department of Correction are dismissed because such claims are barred by the Eleventh Amendment to the United States Constitution, and the doctrine of sovereign immunity. Any claims against Reception Diagnostic Center or Heritage Trails Correctional Facility are **dismissed** for failure to state a claim upon which relief can be granted because these prisons are not suable entities under 42 U.S.C. § 1983. *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018), *cert. denied*, 139 S. Ct. 107 (2018); *Looney v. Miami Corr. Facility*, No. 3:18CV18-PPS/MGG, 2018 WL 1992197, at *2 (N.D. Ind. Apr. 27, 2018) (dismissing Miami Correctional Facility).

Finally, a defendant can only be liable for the actions or omissions in which he personally participated. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015). There are no allegations that either Craig Groge or Mr. LeFluer were personally involved in the misconduct alleged.

### III. Opportunity to Amend

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through October 13, 2020, to file an amended**

**complaint**. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form with the plaintiff's copy of this Entry.

Any amended complaint should have the proper case number, 1:20-cv-1603-TWP-MPB and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

IT IS SO ORDERED.

Date:  9/10/2020

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

5

Distribution:

DAVID E. HUESTON
982826
PLAINFIELD – REENTRY
501 West Main Street
Plainfield, IN 46168